## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERNESTO JAVIER MARTINEZ ALGERIA, | ) ) ) | |
| Petitioner, | ) ) ) | No. 26-cv-06511 |
| v. | ) ) ) | Judge John J. Tharp, Jr. |
| SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Petitioner has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in ICE custody and a motion for a temporary restraining order. A hearing on the TRO motion will be held on 6/9/26 at 11:00 a.m. in Courtroom 2303 of the Dirksen United States Courthouse. Respondent is ordered to respond to the habeas corpus petition by 5:00 p.m. on 6/5/2026. Petitioner shall reply by 5:00 p.m. on 6/8/2026. In addition, Respondent shall make a preliminary filing by 5:00 p.m. on 6/4/2026, stating: (1) whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; and (3) Petitioner's current location and proper Respondent based on that location.

Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and, if it has not already done so, not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing. The Clerk shall

email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois.

Date: June 3, 2026

John J. Tharp, Jr.
United States District Judge